# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JULIUS K. ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV406-224 |
| ) | |
| BRYAN COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On September 18, 2006, the Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has returned the two forms; the case therefore is ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff, an inmate at the Bryan County Jail, asserts in a short paragraph that he is the victim of a "big conspiracy" perpetrated by Bryan County; the county's jail, public defender's office, and sheriff's department; Public Defender Kathleen Jennings; Captain Larry Jacobs; Deputies Edwards and Houston; and Judge Thomas A. Waters. Doc. 1. The exact

purpose or dimensions of this alleged conspiracy are nowhere described in plaintiff's complaint. The only clue plaintiff offers as to the nature of the conspiracy is the single statement that Public Defender Jennings has not "helped [plaintiff] at all" since his incarceration at the jail on April 20, 2006. Id.

Plaintiff's general, conclusory allegation that the above-mentioned defendants are involved in some type of conspiracy against him fails to state a claim for relief.[1] The "naked assertion of a conspiracy . . . without supporting, operative facts" establishing an agreement between the defendants, and a common plan to put the agreement into effect, is insufficient to implicate §1983 liability. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Nor could any particularization of plaintiff's complaint establish a cause of action under § 1983 based upon a public defender's failure to represent plaintiff vigorously or competently in a pending criminal prosecution. First, it is well settled that a public defender does not qualify as a state actor for purposes of § 1983 liability. Polk

---

[1] Plaintiff has listed Ogeechee Public Defender's Office and Port Wentworth Police Department as defendants in the caption but has failed to mention either entity in the body of his complaint and does not allege any facts delineating how these defendants have violated his constitutional rights.

3

County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Pearson v. Myles, 2006 WL 1818716, at *1 (11th Cir. July 5, 2006) (court-appointed defense counsel did not act under color of state law and thus was not subject to liability under § 1983).  Second, a finding by this Court that plaintiff's defense attorney has rendered ineffective assistance of counsel would serve to impugn the validity of any conviction the State might obtain.  Under the principles announced in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), a § 1983 action that calls into question the validity of a criminal conviction or prosecution simply does not accrue until the conviction has first been overturned on direct appeal or through a habeas action or other collateral proceeding.

Finally, several of the named defendants are either entities not subject to suit under § 1983 (the Bryan County Sheriff's Department, Port Wentworth Police Department, the Bryan County Public Defender's Office, the Ogeechee Circuit Public Defender's Office), see Lovelace v. DeKalb Central Probation, 144 Fed. Appx. 793, 795 (11th Cir. 2005) (county police

department not a legal entity subject to suit) or are immune from suit (Judge Waters). <u>Bradley v. Fisher</u>, 13 Wall. 335, 20 L. Ed. 646 (1872) (establishing judicial immunity doctrine). Therefore, even if plaintiff had made concrete allegations against these defendants, he could not hope to prevail against them in a § 1983 action.

For the reasons stated above, plaintiff's complaint should be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 11th day of December, 2006.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**